**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRETT SCALLIONS, et al., | Case No. CV 25-2142 FMO (MARx) |
| Plaintiffs, | |
| v. | **ORDER RE: PENDING MOTIONS** |
| CARL BELL, et al., | |
| Defendants. | |

Having reviewed and considered all the briefing filed with respect to plaintiffs' Motion to Remand (Dkt. 20, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On January 27, 2025, Brett Scallions and Jeff Abercrombie (collectively, "plaintiffs"), filed a Complaint in the Los Angeles County Superior Court ("state court") against Carl Bell ("Bell"); Fuel Recording, Inc. and Fuel Touring, Inc. (collectively, the "Fuel Entities"); and Catacomb Holdings, Inc. (collectively with the Fuel Entities, "defendants"), asserting state law claims for: breach of contract, conversion, declaratory relief, breach of fiduciary duty, involuntary dissolution of a corporation, and an accounting. (See Dkt. 1-1, Complaint at ¶¶ 2-7, 30-84). Defendant Bell removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(c). (Dkt. 1, Notice of Removal ("NOR") at 1).

**LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

"Because the motion to remand involves the court's jurisdiction, the court addresses it first." Vazquez v. DataRobot, Inc., 2023 WL 6323101,*6 (N.D. Cal. 2023).  Plaintiffs' Motion, which was filed over 30 days after removal of this action, challenges the NOR's allegations regarding the Fuel Entities' citizenship.[1]   (See Dkt. 20, Motion at 2, 8-9) ("As detailed below, this assertion

---

[1] The NOR is exclusively premised on the existence of diversity jurisdiction.  (See Dkt. 1, NOR at ¶ 8) (alleging that removal is proper because "there is complete diversity and the amount of controversy at issue exceeds $75,000.").  To the extent defendants seek to amend the NOR by adding a different basis for removal (i.e., fraudulent joinder) or additional allegations relating to defendants' citizenship, (see Dkt. 22, Defendants' Opposition to Motion to Remand ("Opp.") at 13-

[concerning the Fuel Entities' citizenship] lacks evidentiary support and is inaccurate."). By "contest[ing] the truth of the allegations themselves[,]" plaintiffs have launched a "factual attack on the defendant's jurisdictional allegations." Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020) (internal quotation marks and ellipsis omitted). "Once a plaintiff mounts a factual attack, the defendant has the burden of proving, by a preponderance of the evidence, the basis for removal jurisdiction." Selinger v. Ford Motor Co., 2023 WL 2813510, *5 (C.D. Cal. 2023).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The parties dispute whether the Fuel Entities were active corporations at the time of removal and where the principal place of business is located for the Fuel Entities. (See Dkt. 20, Motion at 5-6, 8-9); (Dkt. 22, Defendants' Opposition to Motion to Remand ("Opp.") at 1-2, 5-9). The court therefore proceeds in two steps. "First, the Court must determine if [the Fuel Entities were] genuinely inactive when the case was removed to federal court. If [they were] not inactive, then [they] had a principal place of business that will be determinative of [their] corporate citizenship. Second, if [the Fuel Entities were] inactive, then the Court must determine whether [they] ha[d] corporate citizenship beyond [their] state of incorporation and, if so, where that citizenship lies." Found. of Hum. Understanding v. Talk Radio Network, Inc., 2024 WL 3272971, at *3 (D. Or. 2024).

"The applicable approach to determining a corporation's principal place of business varies depending on whether the corporation is active or inactive." Sports Shinko Co., Ltd. v. QK Hotel,

---

16), such a request is denied as untimely and by failure to file a proper motion seeking to amend the NOR. See Awasthi v. InfoSys Techs. Ltd., 2010 WL 2077161, *4 (N.D. Cal. 2010), abrogated on other grounds by Destfino v. Reiswig, 630 F.3d 952 (9th Cir. 2011) ("The Court concludes that Defendants' argument that the non-diverse Defendant is a 'sham defendant' is time-barred. Allegations of fraudulent joinder constitute a substantive basis for removal and must be raised before the 30–day deadline of removal expires."); Pinter v. Arthury J. Gallagher Serv. Co., 2016 WL 614348, *5 (C.D. Cal. 2016) (finding that "removing defendants' new argument relating to sham defendants is improper" where it was not raised in initial NOR or through a timely amendment to the NOR); Green v. Minn. Life Ins. Co., 2005 WL 8162635, *3 (N.D. Cal. 2005) ("Because Defendants failed to raise the issue of fraudulent joinder in their amended removal notice, the Court will not consider this argument.").

LLC, 486 F.Supp.2d 1168, 1173 (D. Haw. 2007). In Co-Efficient Energy Sys. v. CSL Indus., Inc., 812 F.2d 556 (9th Cir. 1987), the Ninth Circuit explained that "[s]imply because [a corporation] is not engaged in traditional business activities in California, e.g. manufacturing goods or supplying services, it does not necessarily follow that [the corporation] is an inactive corporation and has no principal place of business." Id. at 558. In that case, the Ninth Circuit rejected the corporate petitioner's argument that it was an inactive corporation, finding that: (1) the corporation was "as active now as it ever was[;]" (2) the corporation "ha[d] not formally terminated its operations and engaged in winding up procedures[;]" and (3) there was "no evidence in the record that [petitioner] ha[d] permanently abandoned its efforts seeking investment opportunities and tax benefits." See id. at 558 n. 2.

Here, the parties presented conflicting evidence as to whether the Fuel Entities were inactive at the time of removal. For example, plaintiffs provided information from the Pennsylvania Secretary of State's website showing that, as of April 9, 2025, the Fuel Entities were listed as maintaining an "Active" status.[2] (See Dkt. 20-1, Declaration of Glenn R. Coffman In Support of Motion to Remand ("Coffman Decl.") at ¶ 2); (Dkt. 20-2, Exh. 1, Fuel Touring, Inc. Business Search at ECF 2); (Dkt. 20-3, Exh. 2, Fuel Recording, Inc. Business Search at ECF 2). Additionally, plaintiffs' declarations state that "Fuel Touring and Fuel Recording remain active to this day." (Dkt. 20-4, Declaration of Jeff Abercrombie In Support of Motion to Remand ("Abercrombie Decl.") at ¶ 2); (Dkt. 20-5, Declaration of Brett Scallions In Support of Motion to Remand ("Scallions Decl.") at ¶ 2). By contrast, defendant Bell declares that Fuel Touring, Inc. and Fuel Recording, Inc., have been inactive since 2004 and 2009, respectively, "in that [they]

---

[2] Plaintiffs seek judicial notice of printouts from the Pennsylvania Secretary of State's website relating to the Fuel Entities. (Dkt. 21, Request for Judicial Notice ("RJN"). Because these documents are the proper subject of judicial notice, the court grants plaintiffs' unopposed request. See, e.g., Vivar v. Tallgrass Talent Grp., LLC, 2015 WL 13919129, *2, n. 1 (C.D. Cal. 2015) ("Plaintiff has requested that the Court take judicial notice of records on file with the California Secretary of State's office . . . . As these documents are public records, not reasonably in dispute, the Court may take judicial notice of them."); see also Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 941 (C.D. Cal. 2014) ("A court can consider evidence in deciding a remand motion, including documents that can be judicially noticed.").

ha[ve] not had any transactions, business, expenses, or income since that time." (Dkt. 22-2, Declaration of Carl Bell In Support of Opposition to Motion ("Bell Decl.") at ¶¶ 13-14). Defendants also provided a declaration from Scott Adair, a Certified Public Accountant, who stated that the Fuel Entities were clients of his accounting firm in or around 2006, and that they "have filed final tax returns." (See Dkt. 22-1, Declaration of Scott Adair In Support of Opposition to Motion ("Adair Decl.") at ¶¶ 2, 6, & 10).

Under the circumstances, the evidence in the record is insufficient to conclude that the Fuel Entities have "formally terminated [their] operations and engaged in winding up procedures[,]" or that they have "permanently abandoned [their corporate] efforts[.]" See Co-Efficient Energy Sys., 812 F.2d at 558 n. 2. That the Fuel Entities have ceased filing tax returns, (see Dkt. 22-1, Adair Decl. at ¶ 10), and have had no transactions or business since 2004 and 2009, (see Dkt. 22-2, Bell Decl. at ¶¶ 13-14), merely shows they are not "as active now as [they] ever w[ere.]" Co-Efficient Energy Sys., 812 F.2d at 558 n. 2. But defendants do not state that the Fuel Entities are "engaged in no activities other than activities incidental to winding up [their] operations[.]" See Sports Shinko Co., Ltd., 486 F.Supp.2d at 1174. As the Ninth Circuit has cautioned, "[s]imply because" a corporation "is not engaged in traditional business activities[,]" "it does not necessarily follow that [it] is an inactive corporation[.]" Co-Efficient Energy Sys., 812 F.2d at 558. In short, the court finds that defendants have not carried their burden to show that the Fuel Entities were inactive when the instant action was filed or removed to this court.

The parties dispute whether the Fuel Entities' principal place of business was in Los Angeles when the action was initiated and removed. (See Dkt. 20, Motion at 6, 8-9); (Dkt. 22, Opp. at 5-7). Given the conflicting and seemingly insufficient evidence submitted by the parties regarding the Fuel Entities' principal place of business, (see, e.g., Dkt. 20-2, Exh. 1, Fuel Touring, Inc. Business Search at ECF 2), (Dkt. 20-3, Exh. 2, Fuel Recording, Inc. Business Search at ECF 2); (Dkt. 22-2, Bell Decl. at ¶¶ 3, 5, 15-16); (Dkt. 22-1, Adair Decl. at ¶ 11 & ECF 5); (Dkt. 20-4, Abercrombie Decl. at ¶¶ 3-5); (Dkt. 20-5, Scallions Decl. at ¶¶ 3-5), the court cannot make a determination as to the Fuel Entities' principal place of business without an evidentiary hearing. See, e.g., Bank One, Tex., N.A. v. Montle, 964 F.2d 48, 53 (1st Cir. 1992) (remanding for further

development of record when plaintiff's affidavit cast doubt on the credibility of defendant's affidavit); Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 34 (1st Cir. 2008) (noting it may be appropriate to hold an evidentiary hearing to determine a person's domicile); see Local Rule 7-6 (noting that "the Court may, in its discretion, require or allow oral examination of any declarant or any other witness").

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Remand **(Document No. 20)** is **vacated** subject to reinstatement after the evidentiary hearing is concluded.

2. Defendants' Motion to Dismiss **(Document No. 15)** is **denied without prejudice**.[3]

3. The parties shall, no later than **April 16, 2026**, submit a proposed schedule for the evidentiary hearing and to allow no more than 60 days to conduct jurisdictional discovery relating to the Fuel Entities' principal place of business. At a minimum, the following witnesses shall appear at the evidentiary hearing: (1) Brett Scallions; (2) Jeff Abercrombie; (3) Carl Bell; and (4) Scott Adair.

Dated this 31st day of March, 2026.

/s/
Fernando M. Olguin
United States District Judge

---

[3] Because the Motion to Dismiss is predicated in part on defendants' contention that the Fuel Entities are not California citizens, (see Dkt. 15, Motion to Dismiss at 2); (Dkt. 14, Memorandum of Points and Authorities in Support of Motion to Dismiss at 12-15), the court finds it appropriate to allow defendants to file a renewed motion after the court resolves the Motion to Remand.